# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit
**FILED**
February 14, 2022
Lyle W. Cayce
Clerk

No. 21-30222

Callais Capital Management, L.L.C.,

*Plaintiff—Appellant*,

*versus*

Brian Wilhite; Emmaleigh Wilhite; Michael Worley; Brian May; John Durham; Brett Favre; Dimitrios Bachadakis; Jon Gregg,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Eastern District of Louisiana
No. 2:17-cv-12039

Before Jolly, Willett, and Oldham, *Circuit Judges*.

Per Curiam:[*]

Callais Capital Management ("CCM") bought securities law claims against former directors of Sqor, a digital marketplace platform. The district court dismissed CCM's claims under Rules 12(b)(2) and 12(b)(6). We affirm.

---

[*] Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-30222

I.

Sqor was a digital marketplace platform and social media company directed at sports. CCM invested over $16 million in Sqor between July 2015 and June 2016. Unfortunately, Sqor went bankrupt in 2017 and CCM lost its investment.

CCM sued former managers and directors of Sqor for securities fraud under Section 10(b) of the Securities and Exchange Act of 1934 and Rule 10b-5. *See* 15 U.S.C. § 78j(b); 17 C.F.R. § 240.10b-5. CCM alleged that Sqor's directors made a variety of misrepresentations to CCM to induce CCM to invest—for example, inflating Sqor's user base and exaggerating Sqor's relationships with various sports franchises.

After permitting more than a year of jurisdictional discovery, the district court dismissed CCM's claims in two orders issued on the same day. The first order ruled that the court lacked personal jurisdiction over one defendant, Dimitrios Bachadakis, and dismissed CCM's claims against him under Federal Rule of Civil Procedure 12(b)(2). The second order dismissed CCM's remaining claims under Rule 12(b)(6), finding that CCM's pleadings failed to meet the applicable pleading standards under the Private Securities Litigation Reform Act of 1995 ("PSLRA") and Rule 9(b). *See* 15 U.S.C. § 78u-4(b); Fed. R. Civ. P. 9(b).

II.

We have carefully considered CCM's arguments, which are largely duplicative of the arguments the district court considered and rejected in its 22- and 45-page orders dismissing CCM's claims. For substantially the same reasons given in the district court's thorough orders, we find CCM's

Case 2:17-cv-12120-BWA-MBN Document 215 Filed 03/08/22 Page 3 of 4
Case: 21-30222 Document: 00516228744 Page: 3 Date Filed: 03/08/2022

No. 21-30222

arguments unpersuasive and identify no reversible error.[†] Only two of CCM's arguments merit additional discussion.

First, regarding the 12(b)(2) dismissal, CCM urges that the district court abused its discretion by denying CCM leave to amend. "It is within the district court's discretion to deny a motion to amend if it is futile." *Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 872–73 (5th Cir. 2000). The district court reasonably concluded that leave to amend would be futile because CCM's briefing relied on the fruits of extended jurisdictional discovery and CCM had already put forth its strongest arguments.

Second, regarding the 12(b)(6) dismissal, the district court noted that CCM had already amended its complaint once and concluded that "granting an additional leave to amend would cause undue delay in an already longstanding case and cause undue prejudice to defendants." Moreover, CCM does not indicate how it could or would amend its complaint to meet the pleading standards of Rule 12(b)(6), Rule 9(b), and the PSLRA. This court has found that denial of leave to amend was within the district court's discretion in such circumstances. *See Southland Sec. Corp. v. INSpire Ins. Solutions, Inc.*, 365 F.3d 353, 384–85 (5th Cir. 2004). The district court's denial of leave to amend was not an abuse of discretion.

The district court's judgments are AFFIRMED.

---

[†] Judge Willett disagrees with the district court's holding that it lacked personal jurisdiction over Bachadakis. Accordingly, Judge Willett would affirm the Rule 12(b)(6) dismissal of CCM's claims against all Defendants except Bachadakis, reverse the dismissal of Bachadakis on personal-jurisdiction grounds, and remand for the district court to consider in the first instance whether CCM stated a claim against Bachadakis.

# United States Court of Appeals
## for the Fifth Circuit

Certified as a true copy and issued
as the mandate on Mar 08, 2022

Attest: *Lyle W. Cayce*
Clerk, U.S. Court of Appeals, Fifth Circuit

No. 21-30222

United States Court of Appeals
Fifth Circuit
**FILED**
February 14, 2022
Lyle W. Cayce
Clerk

CALLAIS CAPITAL MANAGEMENT, L.L.C.,

*Plaintiff—Appellant*,

*versus*

BRIAN WILHITE; EMMALEIGH WILHITE; MICHAEL WORLEY; BRIAN MAY; JOHN DURHAM; BRETT FAVRE; DIMITRIOS BACHADAKIS; JON GREGG,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:17-CV-12039

Before JOLLY, WILLETT, and OLDHAM, *Circuit Judges*.

J U D G M E N T

This cause was considered on the record on appeal and was argued by counsel.

IT IS ORDERED and ADJUDGED that the judgment of the District Court is AFFIRMED.

IT IS FURTHER ORDERED that appellant pay to appellees the costs on appeal to be taxed by the Clerk of this Court.